FILED

SEP 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM J. WHITSITT, | No. 14-15462 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00289-JAM-CKD |
| v. | |
| PAMELA RAMBALL, Area Director Manpower Group, Inc.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 13, 2016**

Before:   HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

William J. Whitsitt appeals pro se from the district court's order denying his

motion for relief from final judgment in his employment action alleging federal

and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Whitsitt's motion for relief from judgment because Whitsitt failed to demonstrate any basis for relief. *See id.* at 1263 (setting forth grounds for relief from judgment under Fed. R. Civ. P. 60(b)).

We lack jurisdiction to review Whitsitt's challenges to the district court's prior orders because Whitsitt did not file a timely notice of appeal or a timely post-judgment tolling motion after the district court entered judgment on March 12, 2013. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

Contrary to Whitsitt's contention that he was labeled a vexatious litigant, the record does not indicate that a vexatious litigant order has been entered against him.

We reject as without merit Whitsitt's contentions that the district court was biased against him.

Whitsitt's pending requests and motions, set forth in his opening and reply

briefs, are denied.

**AFFIRMED.**